IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEURO CARDIAC TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1517 |
| | § | |
| LIVANOVA, INC., and LIVANOVA USA, INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Neuro and Cardiac Technologies, LLC ("Neuro-Cardiac") sued Liva Nova, Inc. and LivaNova USA, Inc. (together, "LivaNova") in May 2018, alleging infringement of U.S. Patent No. 7,076,307. (Docket Entry No. 1). In September, LivaNova petitioned the Patent Trial and Appeals Board ("PTAB") of the United States Patent and Trademark Office for *inter partes* review of the patent claims at issue in Neuro-Cardiac's lawsuit. (*See* Docket Entry No. 25). LivaNova moves to stay this case pending the PTAB's determination of the petition. (*Id.*). After considering the motion, response, and the applicable law, the court grants the motion to stay except to require the parties to exchange infringement and invalidity contentions.

The reasons for this ruling are set out below.

**I.    Background**

Neuro-Cardiac alleges that LivaNova's Vagus Nerve Stimulation Therapy System infringes the '307 Patent, which claims a system and method for electrically stimulating the vagus nerve to provide therapy for neurological disorders. (Docket Entry No. 1 at ¶¶ 13, 20-21, 60). LivaNova

1

answered and counterclaimed, alleging that the '307 Patent is invalid, Neuro-Cardiac failed to state a claim, and that estoppel bars its recovery. LivaNova also sought a declaratory judgment that it had not infringed any claim of the '307 Patent. (*See* Docket Entry No. 18).

At the parties' initial conference in September 2018, LivaNova explained that it had petitioned the PTAB for *inter partes* review. (Docket Entry No. 24). The court postponed entering a scheduling order until LivaNova and Neuro-Cardiac provided briefing on whether to stay this litigation pending the PTAB's action on the petition. (*See id.*). LivaNova moved for a stay and filed a brief in support. (Docket Entry No. 25). Neuro-Cardiac opposes a complete stay but is "unopposed to delaying claim construction, provided the parties are ordered to serve their infringement and invalidity contentions," and LivaNova replied. (Docket Entry Nos. 25–27).

The PTAB must either institute or deny an *inter partes* review within six months after it sends a notice indicating that the petition has been granted a filing date. *See* 35 U.S.C. § 314(b); 37 C.F.R. § 42.107(b). If the PTAB initiates review, it has one year to determine claim validity. 35 U.S.C. § 316(a)(11). LivaNova filed its petition for *inter partes* review on September 13, 2018, and the PTAB issued a notice of filing on September 28. (Docket Entry No. 25-2; Docket Entry No. 26 at 7). The PTAB must determine whether to institute *inter partes* review by March 28, 2018. If it does, claim validity must be decided by March 28, 2019.

## II. The Legal Standard for a Motion to Stay

The Leahy-Smith America Invents Act provides for *inter partes* review of existing patents. *See* 35 U.S.C. § 311. A party may challenge a patent's validity for anticipation or obviousness "on the basis of prior art consisting of patents or printed publications." *See id.* Review is granted only if there is "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the

claims challenged in the petition." *See* 35 U.S.C. § 314.

A court may stay an infringement case pending *inter partes* review. *See, e.g.*, *Procter & Gamble Co. v. Kraft Foods Glob., Inc.*, 549 F.3d 842, 848–49 (Fed. Cir. 2008) (citing 35 U.S.C. § 318). "The district court has the inherent power to control its own docket, including the power to stay proceedings." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Management of the court's docket requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

Courts deciding whether to stay litigation pending *inter partes* review typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC*, 356 F. Supp. 2d at 662. The Federal Circuit recently held that district courts may also weigh a fourth factor, whether the stay will reduce the burden of litigation on the court and the parties. *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) ("The burden litigation places on the court and the parties when [*inter partes* review] proceedings loom is one such consideration that district courts may rightfully choose to weigh.").

**III. Analysis**

One important consideration is that the PTAB has not yet acted on LivaNova's petition for *inter partes* review. It is unlikely that the PTAB will announce whether it is granting review before March 2019. Neuro-Cardiac argues that denying a stay until the PTAB decides that it will grant review is "[t]he standard practice in the federal courts in Texas." (Docket Entry No. 26 at 9 (quoting

*Fairfield Indus., v. Seabed Geosolutions (US) Inc.*, Civ. No. 4:17-cv-01458, 2018 U.S. Dist. LEXIS 110523, at *3 (S.D. Tex. July 3, 2018))). Neuro-Cardiac points to decisions of district courts both inside and outside Texas that have denied stays when the PTAB has not yet decided whether to conduct *inter partes* review. (*Id.* at 9–10).

Neuro-Cardiac is correct that district courts have denied motions to stay filed before the PTAB has decided whether to grant review, but the analysis does not end there. The Federal Circuit has explained that a district court may grant a stay while the PTAB determines whether to act on a petition:

> We note at the outset that it was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion. Indeed, while some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review, others have waited until post-grant review was instituted, and still others denied as premature the motion to stay without prejudice to refiling after institution of post-grant review. We express no opinion on which is the better practice. While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted.

*Virtual Agility, Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1315–16 (Fed. Cir. 2014) (citations omitted). District courts have consistently applied the Federal Circuit's logic to motions to stay pending grants of *inter partes* review. *See, e.g.*, *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *6 (E.D. Tex. Mar. 11, 2015) (collecting cases); *Infernal Tech., LLC v. Elec. Arts Inc.*, No. 2:15-CV-01523-JRG-RSP, 2016 WL 9000458, at *2 (E.D. Tex. Nov. 21, 2016). Whether to grant a stay at this point is within the court's discretion, based on careful review of the factors usually considered.

### A. Undue Prejudice

LivaNova argues that a stay at this point will not cause undue prejudice because the parties

are not competitors and Neuro-Cardiac does not seek injunctive relief. (Docket Entry No. 25 at 7). LivaNova asserts that because Neuro-Cardiac seeks only damages, a stay will not alter the adequacy of relief. (*Id.* at 8). LivaNova also emphasizes that when it was served in this case and received notice of Neuro-Cardiac's patent infringement allegations, it "diligently began preparing its [*inter partes* review] petition," which it filed well before the statutory deadline. (*Id.* at 9).

Neuro-Cardiac contends that there is "inherent prejudice to a plaintiff that results from a stay" because a stay prevents the patent holder from "timely enforcement of their patent rights." (Docket Entry No. 26 at 12–13 (quoting *Trover Grp., Inc. v. Dedicated Micros USA*, Civ. No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *3 (E.D. Tex. Mar. 11, 2015))). But the record shows that a stay will not unfairly prejudice Neuro-Cardiac. Neuro-Cardiac seeks damages, not an injunction, and it does not argue that the parties are direct competitors. (*See* Docket Entry No. 1). A stay will delay the damages Neuro-Cardiac may be entitled to. *See VirtualAgility*, 759 F.3d at 1318 ("A stay will not diminish the monetary damages to which [the patent holder] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy."). The fact that Neuro-Cardiac is pursuing damages rather than an injunction does not preclude it from experiencing prejudice from a stay, *see Rembrandt Wireless Techs., LP v. Samsung Elecs. Co. Ltd.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015), but Neuro-Cardiac has not shown that it would experience significant prejudice from a stay this early in the litigation.

A central question in considering prejudice to the nonmoving party is whether the stay motion appears to be a dilatory tactic. *See Chart Trading Dev., LLC v. Tradestation Grp., Inc.*, No. 6:14-CV-1136-JDL, 2016 WL 1246579, at *5 (E.D. Tex. Mar. 29, 2016). When a party has delayed

filing its *inter partes* review petition until months after it receives the other party's infringement contentions, courts are more likely to find a dilatory motive. But even there, courts have concluded that a petition filed a few months after receiving infringement contentions may be reasonable. *See, e.g.*, *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *3 (E.D. Tex. July 19, 2018); *Cypress Semiconductor Corp. v. GSI Tech., Inc*., No. 13-CV-02013-JST, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014); *Rensselaer Polytechnic Inst. v. Apple Inc.*, No. 1:13-CV-0633, 2014 WL 201965, at *4 (N.D.N.Y. Jan. 15, 2014). LivaNova filed its petition for *inter partes* review shortly after it received this complaint and before any deadlines for infringement contentions issued. (*See* Docket Entry No. 25 at 9). The absence of prejudice weighs in favor of granting a stay.

### B. Simplification of the Issues

LivaNova argues that a stay will simplify the issues because a PTAB ruling in its favor could moot the controversy, and even a narrow or negative PTAB ruling could provide "further intrinsic evidence that will likely be highly relevant for claim construction purposes." (Docket Entry No. 25 at 10). LivaNova warns that should the court proceed now, it "will not have the benefit of the intrinsic evidence necessarily created during the [*inter partes* review]" and "may have to revisit claim construction when new intrinsic evidence is available." (*Id.*). If the PTAB does conduct an *inter partes* review, "estoppel provisions of 35 U.S.C. § 315(e) may narrow the invalidity defenses" available. (*Id.* at 11).

It is unclear whether the PTAB will grant review and what scope any review would have. Until the PTAB issues its decision, the court can only speculate about whether a stay would simplify the issues. This factor would weigh in favor of at least a partial stay if review is instituted.

LivaNova's petition seeks the PTAB's review of all the claims involved in this case. If any or all of the claims is found invalid, Neuro-Cardiac's case fails or is simplified. *See, e.g.*, *Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, No. H-15-2915, 2017 WL 2255579, at *2 (S.D. Tex. May 23, 2017). The *inter partes* process may at least reduce the burden of litigation by simplifying the issues.

This factor is at least neutral.

### C. Stage of Litigation

LivaNova argues that the fact that this litigation is at an early stage favors a stay. (Docket Entry No. 25 at 11). Neuro-Cardiac disputes this characterization. It points out that the parties have agreed to a scheduling order, and that, based on the schedule, it "has already gone through virtually all of the 'time-intensive and costly' process of preparing [infringement] contentions." (Docket Entry No. 26 at 13).

The status of the case weighs in favor of a stay. The parties have not incurred any substantial burden associated with discovery or claim construction. The court has not scheduled further hearings or set dates for filing claim-construction submissions or briefs. The parties have not submitted dispositive motions. *See, e.g.*, *Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*, No. H-15-144, 2015 WL 6394436, at *4–6 (S.D. Tex. Oct. 22, 2015) (litigation was not too far along for a stay when the parties filed their joint claim-construction statements less than a month after the defendant moved for the stay).

Even if the PTAB decides against *inter partes* review, a stay until then would have a limited impact. In *Blephex LLC v. Pain Point Med. Sys., Inc.*, Civ. No. 3:16-CV-0410-N, 2016 WL 7839343 (N.D. Tex. Nov 3, 2016), the court granted a stay pending *inter partes* review even though

7

the PTAB had not granted the petition. *See id.* at *2. The court went through the typical analysis and concluded that even "[i]f the [PTAB] denies the petition," the stay would not substantially impact the litigation because it would be "relatively short." *Id.* Here, as in *Blephex*, any delay will be limited because the parties will know by late March whether the PTAB has granted *inter partes* review. If the court delays ruling on a stay until the PTAB's decision, the parties will have incurred the substantial costs of claim-construction briefing and discovery. *See Transocean*, 2015 WL 6394436, at *6 ("[I]if the court delays granting a stay and the PTAB decides to institute [*inter partes* review] . . . the parties will have already incurred significant expenses related to claim construction briefing, the Markman hearing, and discovery." (citing *Trover*, 2015 WL 1069179, at *3)).

This factor weighs in favor of granting a stay.

### D. Proceeding with the Exchange of Infringement and Invalidity Contentions

Neuro-Cardiac argues that if the court decides to stay, it should require the parties to exchange infringement and invalidity contentions pending the PTAB's decision on *inter partes* review. (Docket Entry No. 26 at 14–15). Neuro-Cardiac points out that because the PTAB has not yet granted *inter partes* review, whether or to what extent estoppel applies is unclear. (*Id.* at 15). The estoppel provisions under the America Invents Act implicate two categories of invalidity grounds: (1) grounds that the petitioner raised in the *inter partes* review petition on which the PTAB declined to institute review; and (2) grounds that the petitioner did not raise in its petition, but reasonably could have. *See* 35 U.S.C. § 315(e); *see also Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-CV-492-RWS-KNM, 2017 WL 4478236, at *2 (E.D. Tex. Sep. 26, 2017). Neuro-Cardiac argues that without having LivaNova's invalidity contentions, resuming the case after the stay is lifted will take weeks longer because a central issue will be the scope of estoppel

8

following either the denial or completion of *inter partes* review. (Docket Entry No. 26 at 17–18). Neuro-Cardiac explains that it has completed its infringement contentions and is prepared to serve them, and it suggests following the spirit of its proposed schedule with LivaNova, which would require LivaNova to serve its invalidity contentions six weeks after receiving service from Neuro-Cardiac. (*Id.* at 18–19).

There is little to suggest that this would prejudice the parties. Reducing any delay associated with restarting the litigation if the PTAB declines review is helpful. The parties have previously agreed to a six-week period between service of the infringement and of the invalidity contentions. (Docket Entry No. 22-1 at 2). Neuro-Cardiac's request to proceed with this exchange during the stay will be manageable and efficient.

**IV. Conclusion**

A stay pending the denial or completion of the *inter partes* review is granted, except to require the parties to exchange their infringement and invalidity contentions. Neuro-Cardiac must serve its infringement contentions no later than **October 15, 2018**. LivaNova must serve its invalidity contentions no later than **December 3, 2018**. Either party may move to lift the stay, but must do so within 14 days after the PTAB either denies the petition for *inter partes* review or grants the petition and issues its decision.

SIGNED on October 9, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge